Fernando Beiró González, Plaintiff and Appellee, *v.* Agustín Vázquez Ocaña et al., Defendants and Appellants.

No. 7301. Argued December 8, 1937.—Decided February 4, 1938.

*M. Guzmán Texidor* for appellants. *Fernando Beiró Rovira* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Fernando Beiró brought an action of debt in the District Court of Guayama against Agustín and Julio Vázquez Ocaña and against María Ocaña for herself and as mother with *patria potestas* over her minor children César, Mateo, Aurora, Amelia, Héctor, and Carmen María Vázquez Ocaña.

It was alleged in substance that on October 24, 1928, Cándido Carrasquillo signed a promissory note to mature on June 30, 1929, payable to the bearer by endorsement, for $600, with interest at 6 per cent per annum, plus $150 for costs in the event of legal action for the collection thereof, the same being secured by a "mortgage" upon a farm of 8 *cuerdas*.

That Carrasquillo endorsed and delivered the promissory note to the plaintiff who is the holder and that the amount thereof was not paid at maturity nor thereafter;

That after the execution of the document, Carrasquillo acquired other parcels bounding with the mortgaged parcel

and formed by consolidation a farm of 16 *cuerdas,* which by public deed of September 3, 1933, he sold to the defendants, it being stated in the deed that 8 *cuerdas* of the property was encumbered to secure the promissory note;

That the purchasers, here defendants, undertook to pay the mortgage, reserving a part of the purchase price therefor, as was agreed in a private document executed on July 29, 1930, by Mateo Vázquez, husband of the defendant María Ocaña and father of the other defendants, deceased on the date of the deed;

That, the obligation having matured, the plaintiff demanded payment without success, first from Carrasquillo and thereafter from the defendants, as a result of which he commenced an action for the collection thereof.

The defendants answered denying that they had all accepted the deed of sale of September 3, 1933; that they undertook to pay the mortgage note; that they are the sole heirs of Mateo Vázquez, and averred that the private document of July 9, 1930, had been rescinded.

As special defenses the defendant set up that the complaint did not state facts sufficient to constitute a cause of action and that the action had prescribed under the provisions of Section 950 of the Code of Commerce.

A trial was had and the case was finally decided by judgment of August 1, 1935, adjudging the defendants to pay to the plaintiff the amounts claimed.

The defendants appealed. They contend that the court erred in holding the complaint sufficient, in basing its judgment on the private agreement of July 29, 1930, in weighing the evidence, and in entering judgment against them without specifying that execution could be levied only on the parcel of 8 *cuerdas* which was mortgaged.

██ In the opinion upon which he based his judgment, the trial judge expressed himself, in part, as follows:

"From all the evidence in this case, it is easy to conclude that Cándido Carrasquillo undertook an obligation to pay a sum of money

to Fernando Beiró and that Mateo Vázquez, the husband of María Ocaña and father of the other defendants, recognized by private agreement of July 29, 1930, Carrasquillo's obligation to make this payment, undertaking to make the same to Fernando Beiró with the balance due on account of the purchase price of the property. The acceptance and agreement made by Mateo Vázquez in the private agreement is binding upon his wife and children, since the latter are nothing more than the continuers of the decedent's personality in all his rights and obligations.

"Defendants aver that by virtue of Deed No. 79 of September 13, 1933, Cándido Carrasquillo and María Ocaña for herself and in representation of the children above mentioned, and by clause fifth of that deed, left without legal force and effect the obligations undertaken in the agreement or private document of July 29, 1930. But the fact is that in that document there appeared as contracting parties principally the appearing parties in said deed, Cándido Carrasquillo and María Ocaña, as well as Arturo García Beiró as attorney-in-fact for Fernando Beiró. By that contract certain defined rights were created in favor of Mr. Fernando Beiró, that is, that he would collect his debt from the balance of the purchase price, without which requisite and condition the sale could not have been consummated, nor the deed executed, unless the creditor, Fernando Beiró, should have made some other agreement and authorized it. By virtue of this private agreement, Mateo Vázquez took possession of the property in question.

"And in view of the provisions of this private agreement, we now ask ourselves: Can the same be rescinded by agreement solely between the vendor and purchaser, without any intervention by Fernando Beiró, whose rights arising from the agreement were prejudiced and left without protection by said rescission? In our opinion, no.

"For the agreement in question to have lost its contractual force and effect by virtue of this rescission, it would have been necessary for all of the interested parties to have appeared in the resolution, something which has not occurred in this case.

"But even admitting for the sake of argument that the private document in question would have lost its legal force and effect, we have the additional fact that the defendants accepted and agreed to pay the amounts owing to Beiró, according to the statements made before this court by the vendor Cándido Carrasquillo, as well as by Arturo García Beiró, attorney-in-fact for Fernando Beiró.

"And if from the evidence it appears that the defendants, either by the obligation undertaken by their predecessor, Mateo Vázquez, or directly recognized the debt to Beiró and agreed to pay the ámount thereof, it is clear that there is a good and just cause of action in favor of the plaintiff for the collection of his credit, against the said defendants. On this particular point reference may be made to the cases of *Fernández* v. *Luyando,* 46 P.R.R. 664, *Luyando* v. *Díaz,* 46 P.R.R. 668, and *Trautman* v. *P. R. Ore Co.,* 46 P.R.R. 750, in which our Supreme Court has studied and decided this question, establishing the obligation of the purchaser of a mortgaged property to pay to the creditor the amount of the mortgage obligation when the purchaser recognizes the mortgage and agrees to pay the same."

It is apparent, then, that the fundamental ground upon which the judgment appealed from rests is the private document executed by defendants' predecessor. This document, as to the authenticity of which there is no question, reads literally, in so far as material, as follows:

"In Cayey, Island of Puerto Rico, on the 29th day of July, 1930, there enter into private contract of agreement, promise to sell, and advance payment, of one part and as vendor, Cándido Carrasquillo, . . . Of the other part and as purchaser, Mateo Vázquez, . . . And of the other part, Arturo García Beiró, . . . in his cayama, . . . The parties contract and bind themselves as follows: 1. Cándido Carrasquillo, owner of a farm of 16.76 *cuerdas* situated in Ward Toita of Cayey, . . .—2. That the above described property is subject to a mortgage lien for the sum of $679, with interest as specified in the contract, in favor of the firm 'Fernando Beiró', of Guayama, and that a dominion title proceeding is being prosecuted in the District Court of Guayama with respect to said property, and that Mateo Vázquez has agreed to purchase said property after it has been recorded, free of liens, for the agreed sum of $1,900.—3. That in view of the foregoing, Cándido Carrasquillo expressly undertakes to sell, and promises to sell, to Mateo Vázquez, the property described in this contract with all its appurtenances, free of liens and recorded, as soon as the dominion title proceedings now pending with respect to the same are terminated, and Mateo Vázquez in turn undertakes to purchase the said property on the conditions aforesaid, for the agreed price, as stated, of $1,900; of

which sum he pays and delivers in this act to the vendor, the sum of $800, in lawful money of the United States, who receives it to his satisfaction, executing in favor of the purchaser a formal receipt for the said advance payment.—4. From the balance of the purchase price, there will be paid to the firm 'Fernando Beiró' of Guayama, the amount of the mortgage owing to it, which this property secures, it being understood that unless this requisite and condition should have been previously complied with, this sale may not be consummated or the proper deed executed, unless the creditor firm should make some other agreement and authorize it.—5. Cándido Carrasquillo, Mateo Vázquez, and Arturo García Beiró, in the capacities in which they appear, expressly accept, approve, and ratify in all its parts the contents of this document, and all agree that the purchaser Mateo Vázquez may enter today into possession of the property hereinbefore described . . ..''

Not only in the pleadings, but also in the documents executed by the parties and in the opinion of the trial court, reference is made to a mortgage, but this in fact was never validly constituted, since Section 1774 of the Civil Code (1930 ed.) provides that ''Besides the requisites mentioned in Section 1756, it is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property,'' and here the ''mortgage'' could not have been recorded since the property upon which it was constituted was not recorded.

This circumstance complicates the solution of the problem, since otherwise, if the property had been encumbered, the lien would continue to encumber it until full payment of the debt so secured, and the owner of the promissory note could have brought his action against the real property, making defendant whoever might be the owner.

This was the intention of the plaintiff in praying that the judgment to be entered in his favor be executed by a sale of the mortgaged property at public auction, but the court limited itself to entering judgment adjudging the defendants to pay the sum sued for as if it were a case of a personal obligation assumed in the first instance by their predecessor

and then by them upon the execution of the deed of September 13, 1933. The plaintiff accepted the judgment as it was entered, and it is the defendants who in their last assignment of error contend that it should in any event have been specified in the judgment that execution could be had only against the parcel of 8 *cuerdas* specially encumbered and not against the entire 16 *cuerdas*.

In our judgment the district court found the correct solution for the problem. From the private instrument executed by the defendants' predecessor in 1930 that which remains in force, and which from it appears clearly, unequivocally, is the present liability of the defendants for the acts of their predecessor. The deed of 1933 tends to obscure the problem, since it did not follow in all of its terms the document of 1930. Nevertheless, since neither Carrasquillo or Vázquez, acting through his heirs, were not authorized to vary it without the consent of the other contracting party, Beiró, it is clear that the difference which we have noted does not affect adversely the rights of Beiró.

The 1930 agreement was more than a promise to sell. By it the owner of the property of 16 *cuerdas* in question, Carrasquillo, agreed to sell it and did in fact sell it to Vázquez for $1,900, of which Vázquez paid Carrasquillo, and, since Carrasquillo owed Beiró $679 with interest and had "mortgaged" part of the property to secure that debt, from which Vázquez agreed to pay the amount owing to Beiró. Not only was that agreed upon, but it was also agreed that Vázquez should on that day take possession of the property which he had so purchased. He did enter into possession, and now in possession of the property are his heirs, who are under a duty to carry out the agreement of their predecessor, that is, to pay from the balance of the purchase price of $1,000 the amount owed by Carrasquillo to Beiró. That is exactly what Beiró claims in this suit.

These conclusions come with even more conviction in view of the strong testimony of Cándido Carrasquillo and

Arturo García, who appeared as witnesses for the plaintiff at the trial.

We are therefore of the opinion that the court committed none of the errors which have been assigned and that its judgment is sound both as to law and fact, and that it must be affirmed and the appeal taken therefrom dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.